UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| MIRSAD HAJRO,<br><br>               Plaintiff,<br>   v.<br><br>ROBIN BARRETT, San Francisco Field Office Director; United States Citizenship and Immigration Services,<br><br>               Defendants.<br>_____/ | No. C 10-01772 MEJ<br><br>**ORDER FOLLOWING FINAL PRE-TRIAL CONFERENCE** |

On October 20, 2011, the Court held a Final Pretrial Conference in this matter. This case is set for trial on November 2, 2011 at 9:30 a.m. in Courtroom B.

During the conference, the Court addressed a dispute raised in the parties' trial briefs regarding whether the Government may question Plaintiff about Tablighi Jamaat. *See* Pl. Trial Br. at 7-8, 12-14, Dkt. No. 42; Gov't Trial Br. at 5, Dkt. No. 40. Briefly stated, Plaintiff characterizes Tabligh as a religious practice, not an association or organization. Pl. Tr. Br. at 7-8. He thus objects to any questioning on this subject on the grounds that: (1) because it is not an "organization, association, fund, foundation, party, club, or similar group," the subject of Tabligh or Tablighi Jamaat is irrelevant to this mater; (2) it would violate Plaintiff's First Amendment right to practice his religion freely for the Government to deny Plaintiff's naturalization application for not listing a religious practice on his Form N-400 or to inquire into such practices; (3) questioning Plaintiff about his religious practices would chill the exercise of his religion and thus constitutes a substantial burden on the free exercise of religion in violation of the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb(b); and (4) because none of the Government's denials of Plaintiff's N-400 Applications claimed that Plaintiff committed false testimony by not listing Tabligh or Tablighi Jamaat as an organization, association, etc., the Government waived this argument. Pl. Tr. Br. at 12-14.

1     The Government, however, maintains that because the standard of review is *de novo*, it may
2  question Plaintiff about this topic and the Court may properly consider the Government's argument
3  about Plaintiff's responses on this topic with regard to his Application and good character.

4     The Court has carefully considered the parties' arguments and agrees with the Government
5  that questioning on the topic of Tabligh or Tablighi Jamaat is permitted given the *de novo* scope of
6  review. Although the Government did not previously cite Plaintiff's statements about this topic as a
7  basis for denying his application, it was discussed during one of his interviews. *See* Admin. Rec. at
8  117-18. Thus, it is part of the administrative record and is relevant. Moreover, because the Court is
9  permitted to consider all facts in the record, as well as any new facts presented during the hearing,
10 Plaintiff's objection on the basis of waiver is inapposite. Finally, because Plaintiff has already
11 provided testimony about this issue during his prior interview, there is no evidence of any chilling
12 effect or limitation on Plaintiff's free exercise of religion.

13    In making this ruling the Court expresses no finding regarding the parties' dispute as to how
14 Tabligh or Tablighi Jamaat should be categorized for purposes of questions in the applications
15 regarding membership in organizations, associations, etc. The parties may argue this point at trial.

16    **IT IS SO ORDERED.**

Dated: October 28, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge