UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRSAD HAJRO,<br><br>        Plaintiff,<br><br>    v.<br><br>ROBIN BARRETT, et al.,<br><br>        Defendants. | Case No. 10-cv-01772-MEJ<br><br>**ORDER RE: MOTION FOR CLARIFICATION OF ORDER GRANTING ATTORNEY'S FEES**<br><br>Re: Dkt. No. 74 |

On September 18, 2012, this Court granted Plaintiff's Motion for Attorneys' Fees and Costs pursuant to the Equal Access To Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Dkt. No. 73. Now before the Court is Plaintiff's Motion for Clarification of Order Granting Attorney's Fees. Dkt. No. 74. In his Motion, Plaintiff states that he executed an agreement assigning attorney's fees to his attorney, Kip Evan Steinberg, but Defendants insisted that the fees must be paid to Plaintiff despite the assignment agreement. Mot. at 2. Plaintiff states that the attorney's fees award has been reported to the Internal Revenue Service as his own income, which has unnecessarily complicated Plaintiff's tax situation. *Id.* at 2-3. Plaintiff now seeks a Supplemental Order from the Court clarifying the original attorney's fee Order and requiring Defendants to accept the assignment of fees agreement and issue an amended and corrected Form 1099. *Id.* at 3.

In response, Defendants argue that attorney's fees awarded under the EAJA belong to the prevailing litigant, not to the attorney, and Plaintiff's Motion should therefore be denied. Opp'n at 1, Dkt. No. 75. In support of their argument, Defendants cite to *Astrue v. Ratliff*, 560 U.S. 586 (2010). In that case, the United States Supreme Court "resolved a longstanding circuit split on the question of whether fee awards under EAJA were payable to the party or the attorney by holding that EAJA awards are to be paid to the prevailing litigant." *United States v. $186,416.00 in U.S.*

*Currency*, 642 F.3d 753, 755 (9th Cir. 2011) (citing *Astrue v. Ratliff*, 560 U.S. at 591). The Supreme Court based its decision, in part, on the specific language in EAJA directing payments to the "prevailing party, which is a 'term of art' that refers to the prevailing litigant." *Ratliff*, 560 U.S. at 591. But as the Ninth Circuit has explained:

> The Court's decision in *Ratliff* did not stop there, however. It went on to highlight the absence of language in EAJA explicitly directing fees to attorneys. Comparing EAJA with a provision in the Social Security Act making fee awards payable "to such attorney," *see* 42 U.S.C. § 406(b)(1)(A), the Court concluded that "given the stark contrast between the SSA's express authorization of direct payments to attorneys" and the absence of such language in EAJA, it would not interpret EAJA to "contain a direct fee requirement absent clear textual evidence supporting such an interpretation." *Ratliff*, 130 S.Ct. at 2527–28. As the Court noted, Congress "knows how to make fees awards payable directly to attorneys where it desires to do so." *Id.* at 2527.
>
> *Ratliff* counsels that in the absence of explicit instructions from Congress awarding fees to the attorney, direct payment to the attorney should not be presumed. *Id.*

*$186,416.00 in U.S. Currency*, 642 F.3d at 755-56.

Here, the Court agrees with other judges in this district that read *Ratliff* be read as "confirm[ing] the common practice that an EAJA fee award is payable to the litigant and not the attorney unless the party does not owe a debt to the government and assigns the right to receive fees to the attorney." *Palomares v. Astrue*, 2012 WL 6599552, at *9 (N.D. Cal. Dec. 18, 2012) (awarding fees to be paid directly to plaintiff's counsel, "subject to any administrative offset due to [plaintiff's] outstanding federal debt, if any exists"); *see also Coffey v. Astrue,* 2013 WL 120030, at *4 (N.D. Cal. Jan. 8, 2013) (directing attorney's fees be awarded to attorney, subject to any debt offset, where plaintiff had assigned the right to receive fees). Accordingly, the Court GRANTS Plaintiff's Motion and directs that the attorney's fees award, subject to any debt offset, shall be paid directly to Kip Evan Steinberg.[1] Defendants shall have the government issue an

---

[1] The undersigned recognizes that courts in this district are divided on whether a valid assignment alters the general rule that fees are awarded to the party. *Compare, Smith v. Astrue*, 2012 WL 3114595, at *5-6 (N.D. Cal. July 31, 2012) (ordering fees to be paid directly to plaintiff, regardless of fee assignment). Thus, Defendants' opposition to Plaintiff's request is not without merit, and any request for additional attorney's fees for bringing this Motion is DENIED.

amended and corrected Form 1099 listing Mr. Steinberg as the payee with Mr. Steinberg's social security number or the Federal Employment Identification Number ("FEIN") of Mr. Steinberg's law firm within 45 days.

**IT IS SO ORDERED.**

Dated: April 8, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge